# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Theresa A. Burns,

      Plaintiff,

v.

Denis McDonough, *Secretary, Department of Veteran Affairs*,

      Defendant.

Civ. No. 23-cv-478 (JMB/DJF)

**ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff Theresa A. Burns's Motion for Leave to File Amended Complaint ("Motion to Amend") (ECF No. 36).[1] The Court denies her Motion to Amend, to the extent that it seeks to add two entirely new causes of action, on the ground that her proposed new claims are futile.

## BACKGROUND

Ms. Burns filed her original complaint in this matter on February 28, 2023 ("Complaint") (ECF No. 1). Proceeding *pro se*, she alleges a clinic within the United States Department of Veterans Affairs wrongfully terminated her from her job as an occupational therapist. (*See generally* ECF No. 1.) The Complaint initially included five counts against numerous defendants: (1) wrongful termination; (2) breach of contract; (3) age discrimination; (4) retaliation; and (5) defamation. (ECF No. 1 ¶¶ 46–67.) Defendants moved for partial dismissal based on lack of jurisdiction, failure to exhaust and failure to state a claim. (ECF No. 10.) On August 2, 2023,

---

[1] Ms. Burns filed an initial Motion for Leave to File Amended Complaint on February 1, 2024 (ECF No. 33.) After the Court notified Ms. Burns that her initial motion did not comply with the Local Rules (ECF No. 34), Ms. Burns filed the motion now before the Court. The Court

District Judge Nancy E. Brasel granted Defendants' motion to dismiss.  Only Counts I (wrongful

termination) and III (age discrimination) remain, and all defendants were dismissed except Secretary

Denis McDonough in his official capacity as Secretary of Veterans Affairs.  (ECF No. 25 at 7-8.)

Ms. Burns now seeks to add multiple factual allegations and two additional claims to her

Complaint: religious discrimination and reprisal ("Proposed Amended Complaint") (ECF No. 36-1).

Defendant does not oppose Ms. Burns's motion to the extent that she seeks to add new factual

allegations supporting her existing causes of action (*see* ECF No. 41 at 1 n.1).  The Court therefore

grants the Motion to Amend to that extent, but for the reasons given below denies her request to add

the proposed new claims.

## DISCUSSION

**I.      Legal Standard**

**A.      Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely

given when justice so requires."  Fed. R. Civ. P. 15(a).  But there is no absolute right to amend a

pleading, and a motion to amend may be denied based on a finding of "undue delay, bad faith, or

dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the nonmoving party, or futility of the amendment."  *Doe v. Cassel*, 403 F.3d 986, 990-

91 (8th Cir. 2005) (internal quotation marks omitted).  "Some examples of futile claims are ones that

are duplicative or frivolous, or claims that could not withstand a motion to dismiss under Rule

12(b)(6)."  *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014) (internal quotation marks

and citations omitted).  The decision whether to grant leave to amend is left to the sound discretion

of the district court.  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *accord*

---

therefore denies her initial motion as moot.

*Leftwich ex rel. Leftwich v. Cty. of Dakota*, 9 F.4th 966, 976 (8th Cir. 2021).

**II.     Analysis**

      **1.     Religious Discrimination**

Ms. Burns's proposed religious discrimination claim fails because she did not plead—and the record does not reflect—that she has exhausted her administrative remedies for this claim. "Before the federal courts may hear a discrimination claim, an employee must fully exhaust [her] administrative remedies." *Burkett v. Glickman,* 327 F.3d 658, 660 (8th Cir. 2003). "To properly exhaust, a complainant must initiate the EEO pre-complaint process 'within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.'" *Patrick v. Henderson*, 255 F.3d 914, 915 (8th Cir. 2001) (citing 29 C.F.R. § 1614.105(a)(1)). "If the matter is not informally resolved, the EEO counselor notifies the complainant of her right to file a formal administrative complaint." *Id.* (citing 29 C.F.R. § 1614.105(d)). "The complainant must file her formal written complaint within 15 days after receiving the counselor's notice." *Id*. (citing 29 C.F.R. § 1614.106(b)). Failure to do so results in mandatory dismissal of the administrative complaint and prematurely ends the administrative process. *See* 29 C.F.R. § 1614.107(a)(2); *see also Davis v. Principi*, No. 02-cv-4712 (ADM/AJB), 2003 WL 22768233, at *2 (D. Minn. Nov. 20, 2003) ("EEOC regulations require agencies to dismiss claims and complaints filed after applicable deadlines."). A plaintiff must exhaust her administrative remedies with regard to every incident of discrimination or retaliatory adverse employment decision she wishes to litigate. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012).

Ms. Burns's Proposed Amended Complaint fails to allege she has exhausted her administrative remedies with respect to any religious discrimination claim. (*See* ECF No. 36-1.) She references a 2020 letter from the VA's Office of Resolution Management ("ORM") that

partially accepted her discrimination claim.  (*Id.* ¶¶ 53-54.)  But that letter identifies all the issues it

accepted for investigation, and they do not include religious discrimination.  (*See* ECF No. 42-1, *see*

*also* ECF No. 14-1 at 4, restating the issues investigated and omitting any reference to religious

discrimination.)

Ms. Burns alleges her religious discrimination claim stemmed from events that occurred

in 2019.  (ECF No. 36-1 ¶ 51; *see also* ECF No. 42-2.)  There is no discernable reason why she

could not have included in her administrative claim the same allegations she raises in her Motion to

Amend for the first time.  The Court therefore denies Ms. Burns's Motion to Amend, insofar as it

seeks to add a religious discrimination claim, because she has not exhausted her administrative

remedies with respect to this claim such that it could not survive a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6).  *See Yohannes v. Minnesota IT Servs.*, No. 21-CV-620

(PJS/ECW), 2022 WL 2788397, at *3 (D. Minn. July 15, 2022) (denying motion for leave to amend

new alleged bases of discrimination that were not exhausted).

### 2.      Reprisal

Ms. Burns's proposed reprisal claim fails because it does not meet the elements necessary to

survive a motion to dismiss under Rule 12(b)(6).  This claim references Title VII of the Civil Rights

Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA").  (ECF No.

36-1 ¶ 85.)  Under Title VII, it is unlawful to retaliate against an employee "because [s]he has

opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. §

2000e-3(a).  Similarly, the ADEA prohibits retaliation against an employee who "has opposed any

practice made unlawful by this section." 29 U.S.C. § 623(d).

Ms. Burns presented a claim of reprisal discrimination to the ORM (ECF No. 42-1), but the

EEOC dismissed that claim for failure to identify EEO protected activity (ECF No. 14-1 at 9). Ms.

Burns's Proposed Amended Complaint suffers from the same deficiency.  Her proposed reprisal claim appears to stem from her alleged "reporting and opposition to unsafe patient practices and unlicensed clinic care" and "refusal to apply for a VA Patent for shared rights to the [cognitive-performance test]." (ECF No. 36-1 ¶¶ 61, 87.)  But her Proposed Amended Complaint does not provide any indication that she opposed any discriminatory employment practice made unlawful under Title VII or the ADEA.  (*See generally* ECF No. 36-1; *see also* ECF No. 42-2, Ms. Burns's letter reporting discrimination.)  Because Ms. Burns fails to allege her reprisal claim stems from her opposition to any EEO protected activity, it fails as a matter of law and her motion to add this claim is properly denied.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Theresa A. Burns's Motion for Leave to File Amended Complaint (ECF No. [36]) is **GRANTED IN PART** and **DENIED IN PART**:

1. The Motion to Amend is **GRANTED** insofar as it proposes to add factual allegations supporting Counts I and III of the Complaint (ECF No. [1]);

2. The Motion to Amend is **DENIED** in all other respects;

3. By **March 15, 2024**, Ms. Burns shall file a Revised Proposed Amended Complaint consistent with this Order:

   a. The Revised Proposed Amended Complaint may add only those factual allegations in Proposed Amended Complaint (ECF No. [36-1]) that support Counts I and III of the original Complaint (ECF No. [1]);

b. The Revised Proposed Amended Complaint must attach, as an exhibit, a redlined copy identifying amendments to the original Complaint (ECF No. [1]);

c. The Revised Proposed Amended Complaint shall not include claims for religious discrimination, reprisal, or any other new claim, and shall omit any new factual allegations supporting such claims or any claims previously dismissed pursuant to District Judge Brasel's Order (ECF No. [25]).

4. By **March 22, 2024**, Defendant shall file a notice identifying any objections to the Revised Proposed Amended Complaint.

5. Ms. Burns's initial Motion for Leave to File Amended Complaint (ECF No. [33]) is **DENIED AS MOOT**.

Dated:  March 1, 2024                                   *s/ Dulce J. Foster*
                                                        DULCE J. FOSTER
                                                        United States Magistrate Judge

6